**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRUCE L. JENNINGS, SR., | : | |
| | : | Civil Action No. 05-2968 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GRACE ROGERS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> BRUCE L. JENNINGS, SR., Petitioner Pro Se
> Special Treatment Unit
> # 277
> 30-34 Hackensack Avenue, P.O. Box 699
> Kearny, New Jersey 07032

> JAMES L. MCCONNELL, ESQ.
> Somerset County Prosecutor's Office
> P.O. Box 3000
> Somerville, New Jersey 08876
> Counsel for Respondents

**PISANO**, District Judge

This matter is before the Court on Petitioner Bruce L. Jennings, Sr.'s petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be denied for lack of merit.

I.   BACKGROUND

A.   Statement of Facts

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation, as set forth in its June 30, 1999 per curiam Opinion on petitioner's direct appeal from his conviction:

> Tried to a jury, defendant was convicted of second-degree sexual assault (N.J.S.A. 2C:14-2c(1)) and second-degree sexual assault upon a mentally-defective victim (N.J.S.A. 2c:14-2C(2)).  At sentencing, the trial court merged the first conviction with the second and sentenced defendant to the maximum term of ten years, to be served at the Adult Diagnostic and Treatment Center at Avenel, New Jersey. Defendant has appealed his convictions and sentence.  We affirm his convictions but remand for resentencing.
>
> Defendant lived on Annapolis Street in Franklin Township, New Jersey.  F.B., Jr., seventeen-years old at the time of the alleged sexual assault, lived nearby.  F.B., Jr. Is mentally retarded.  At trial, the State presented the expert testimony of Dr. Phillip Witt, a forensic psychologist who interviewed F.B., Jr. and conducted certain tests.  F.B., Jr.'s full-scale score on the Wechsler Adult Intelligence Scale Revised was 53.  According to Dr. Witt, this placed F.B., Jr. on the borderline between mild and moderate retardation.  On the Vineland Adaptive Behavior Scale, he placed in the lowest .1% of the population.
>
> We do not consider it necessary to set forth in this opinion the details of the assault.  It is sufficient to state that defendant's guilt was more than adequately established.

B.   Procedural History

Petitioner, Bruce L. Jennings, Sr. ("Jennings"), was indicted by a Somerset County Grand Jury on April 13, 1995, on

2

one count of second degree sexual assault and one count of second degree sexual assault upon a mentally defective victim.  He was tried by jury before the Honorable Leonard N. Arnold, P.J.Cr. from March 28, 1996 through April 10, 1996.[1]  The jury reached a verdict of guilty on both counts of the indictment on April 10, 1996.

Jennings filed a motion for a new trial, which was denied by the trial court on May 9, 1996.  Judge Arnold entered an Order denying the motion for a new trial on June 13, 1996.  Thereafter, a sentencing hearing was conducted on November 8, 1996.  Judge Arnold sentenced Jennings to ten years in prison, to be served at the Adult Diagnostic and Treatment Center in Avenel, New Jersey. Judge Arnold had merged both counts for the purpose of sentencing.

---

[1]  Transcripts of the state court proceedings were provided by the State and are designated as follows:

    GJT  - Grand Jury Transcript dated April 12, 1995
    1T   - trial transcript dated March 28, 1996
    2T   - trial transcript dated March 28, 1996 (afternoon
           session)
    3T   - trial transcript dated April 1, 1996
    4T   - trial transcript dated April 2, 1996
    5T   - trial transcript dated April 3, 1996
    6T   - trial transcript dated April 9, 1996
    7T   - trial transcript dated April 10, 1996 (Volume I)
    8T   - trial transcript dated April 10, 1996 (Volume II)
    9T   - transcript of motion for new trial dated May 9, 1996
    10T  - sentencing transcript dated November 8, 1996
    11T  - transcript of post-conviction relief hearing dated
           May 30, 2002.

On May 14, 1998, Jennings filed a direct appeal from his conviction and sentence to the New Jersey Appellate Division. The Appellate Division affirmed the conviction by opinion filed on June 30, 1999.  However, the matter was remanded to the trial court for clarification of the factual support provided for one of the aggravating factors found during the imposition of Jennings' sentence.  The New Jersey Supreme Court denied certification on October 26, 1999.  State v. Jennings, 162 N.J. 198 (1999).

Thereafter, on November 30, 1999, Jennings filed a motion for post-conviction relief ("PCR") in state court.  He supplemented his PCR petition with a memorandum of law in August 2000.  The state PCR proceedings were held before the Honorable Victor Ashrafi, J.S.C. on May 30, 2002.  Judge Ashrafi denied the PCR petition in its entirety by letter opinion filed on June 17, 2002.  Jennings filed a motion for reconsideration, which was denied by the court on October 31, 2002.

On November 12, 2002, Jennings appealed the trial court's ruling.  The New Jersey Appellate Division affirmed denial of the PCR petition by an unpublished opinion filed on March 18, 2004. The New Jersey Supreme Court denied certification on June 17, 2004.  State v. B.J., 180 N.J. 455 (2004).

Jennings timely filed this federal habeas petition on or about June 6, 2005.  The State filed a response to the petition

4

on November 18, 2005.  Jennings then submitted a traverse and memorandum of law in opposition to the State's answer on December 1, 2005.

## II.  STATEMENT OF CLAIMS

In his habeas petition, Jennings raises the following claims for habeas relief:

Ground One:  The state PCR court erred by not dismissing a "duplicitous" indictment based on a fatal variance and the misleading of the grand jury by the prosecutor and a police detective witness, in violation of the Fifth and Fourteenth Amendment.

Ground Two:  The state PCR court erred in procedurally barring the petitioner in default of N.J.Ct.R. 3:22-4.

Ground Three:  Petitioner was denied effective assistance of trial counsel in violation of the Sixth Amendment.

Ground Four:  Petitioner was denied effective assistance of appellate counsel.

Ground Five:  The state PCR court erred by denying petitioner an evidentiary hearing on the issue of ineffective assistance of counsel.

Ground Six:  Petitioner is in custody unlawfully due to ineffective assistance of counsel, malicious prosecution, and his actual innocence.

5

The State answered the petition asserting several affirmative defenses.  First, the State argues that this Court lacks jurisdiction to review the § 2254 habeas petition because Jennings is no longer in custody pursuant to the conviction being challenged in the petition.  Second, the State contends that Jennings has failed to exhaust his available state court remedies, and further alleges that Jennings deliberately bypassed available state court remedies with respect to any challenge to his current civil commitment.  Third, the State asserts that Jennings does not raise federal issues cognizable in a § 2254 proceeding.  The State also contends that petitioner's claims, in particular, the ineffective assistance of counsel claims, are without substantive merit.

Jennings filed a reply to the State's answer, opposing the State's arguments regarding the "in custody" jurisdiction issue and the exhaustion of state remedies.  Jennings also argues that his claims for relief are cognizable in a federal habeas petition.

### III.  "IN CUSTODY" JURISDICTION

The State argues that this Court lacks jurisdiction to consider Jennings' habeas petition because Jennings is no longer in state custody, and was not in state custody at the time he filed his petition, pursuant to the state court conviction being challenged in his petition.  Jennings has completed service of

his sentence, and is now civilly committed under the New Jersey Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-21.1, <u>et seq</u>.  There is no dispute that Jennings' civil commitment is premised on his prior conviction for sexual assault of a mentally-defective minor.

With respect to "in custody" jurisdiction under the federal habeas statute, Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be **in custody** under the conviction he is attacking when the petition is **filed**, in order for this Court to have jurisdiction.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed.  Indeed, the Supreme Court held that its decision in <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968) "strongly implies the contrary."  <u>Maleng</u>, 490 U.S. at 491. In <u>Carafas</u>, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied.  <u>Maleng</u>,

7

490 U.S. at 491 (*citing* <u>Carafas</u>, 391 U.S. at 238).  The Court ultimately found the in custody requirement was satisfied in <u>Carafas</u>, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed.  <u>Maleng</u>, 490 U.S. at 492 (*citing* <u>Carafas</u>, 391 U.S. at 238).  Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[2]  <u>Maleng</u>, 490 U.S. at 492.

Further, in <u>Maleng</u>, the Supreme Court held that a petitioner was not "in custody" under a 1958 conviction whose sentence had expired merely because that conviction had increased the mandatory minimum sentences for the petitioner's 1978 convictions pursuant to a state sentencing scheme.  Petitioner Cook had filed a habeas petition in 1985 that attacked his 1958 conviction based on the argument that he had not then been competent to stand trial.  <u>Id</u>. 490 U.S. at 489-90.  Because Cook's sentence for the 1958 conviction had expired in 1978, the Supreme Court held that

---

[2]  Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. <u>See</u> <u>St. Pierre v. United States</u>, 319 U.S. 41 (1943).

he was not "in custody" under it because "he suffer[ed] no present restraint from [that] conviction." Id. At 492. Thus, where a habeas petition attacks a conviction whose sentence has already expired as of the date of its filing, a district court lacks jurisdiction over the petition.

The Ninth Circuit identified two exceptions to this rule in Brock v. Weston, 31 F.3d 887 (9th Cir. 1994). An earlier expired sentence can be challenged if, at the time of the filing of the habeas petition, the petitioner was incarcerated (1) on another current sentence that is the result of an enhancement based upon the completed conviction, or (2) on another current sentence if there is a "positive and demonstrable nexus" between the prior conviction and the current sentence. 31 F.3d at 890. The Ninth Circuit had determined that there was a positive and demonstrable nexus between Brock's prior expired conviction for second degree assault and his current civil commitment as a sexually violent predator, because the prior act was a "necessary predicate to the confinement" as a sexually violent predator. Id.

Here, it is evident that the state court conviction and sentence now challenged by Jennings had fully expired before he filed for federal habeas relief in this action. He was convicted and sentenced in 1996 and was released from custody pursuant to that sentence on November 10, 2002. Thus, he would not entitled

9

to relief under § 2254 with respect to that conviction, and his petition is subject to dismissal for lack of jurisdiction.

Nevertheless, this Court finds that Jennings present confinement is a collateral result of his expired conviction, and that this petition, by a pro se litigant, should be liberally construed as an attack on Jennings' expired conviction in the context of an attack on his commitment under the SVPA. <u>Brock</u>, 31 F.3d at 890.  A petitioner may attack an expired conviction that is a predicate to his current confinement under the SVPA if he claims that he would not have been committed under the SVPA but for the expired conviction at issue.  <u>Id</u>.

This Court finds the reasoning by the Ninth Circuit in <u>Brock</u> to be sound and apposite here where the circumstances are virtually identical.  Jennings' confinement under the SVPA is more closely related to his prior conviction than incarceration pursuant to a sentence enhanced by a prior conviction.  Thus, like a criminal incarceration, Jennings involuntary commitment satisfies the "in custody" requirement under § 2254.  Moreover, an enhanced sentence based on a prior conviction only lengthens the period of incarceration, whereas in this case, Jennings' prior conviction was the necessary predicate to his confinement under the SVPA.  <u>Brock</u>, 31 F.3d at 890.

Accordingly, the Court will deny respondents' motion to dismiss for lack of "in custody" jurisdiction, and the petition will be considered on the merits.

IV.   <u>STANDARD OF REVIEW</u>

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Because petitioner is a <u>pro</u> <u>se</u> litigant, the Court will accord his petition the liberal construction intended for <u>pro</u> <u>se</u> petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts.  <u>See</u> 28 U.S.C. § 2254(e); <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.), <u>cert</u>. <u>denied</u>, 122 S.Ct. 269 (2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996)(<i>citing</i> <u>Parke v. Raley</u>, 506 U.S. 20, 36 (1992)).  Section 2254(d) sets the standard for granting or denying a habeas writ:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment

11

of a State court shall not be granted with respect to
any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim -

    (1)   resulted in a decision that was contrary to, or
          involved an unreasonable application of, clearly
          established Federal law, as determined by the
          Supreme Court of the United States; or

    (2)   resulted in a decision that was based on an
          unreasonable determination of the facts in light
          of the evidence presented in the State court
          proceeding.

28 U.S.C. § 2254(d).

In _Williams v. Taylor_, 529 U.S. 362 (2000), the Supreme
Court explained that subsection (d)(1) involves two clauses or
conditions, one of which must be satisfied before a writ may
issue.  The first clause, or condition, is referred to as the
"contrary to" clause.  The second condition is the "unreasonable
application" clause.  _Williams_, 529 U.S. at 412-13.  In the
"contrary to" clause, "a federal court may grant the writ if the
state arrives at a conclusion opposite to that reached by [the
Supreme] Court on a question of law or if the state court decides
a case differently than [the Supreme] Court has on a set of
materially indistinguishable facts."  _Id_.  Under the
"unreasonable application" clause, a federal court may grant the
writ if "the state court identifies the correct governing legal
principle from [the Supreme] Court's decisions but unreasonably
applies that principle to the facts of [the petitioner's] case."
_Id_. at 413.  Habeas relief may not be granted under the

"unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief.  Id. at 411.  See also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999), cert. denied sub nom Matteo v. Brennan, 528 U.S. 824 (1999).

Consonant with Williams, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims.  First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims.  See Werts, 228 F.3d at 196-97; Matteo, 171 F.3d at 888-891.  If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court unreasonably applied the Supreme Court precedent in reaching its decision.  Werts, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result.  Id.  AEDPA prohibits such de novo review.  Rather, the federal habeas court must determine whether the state

court's application of the Supreme Court precedent was objectively unreasonable.  Id.  In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference.  Chadwick v. Janecka, 312 F.3d 597, 605-06 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003)(citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment.  See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000).  See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  Id.; see also 28 U.S.C. § 2254(e)(1).  The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence.  See Duncan, 256 F.3d at 196 (citing 28

14

U.S.C. § 2254(e)(1)).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

## V.   ANALYSIS

The Court will examine each of petitioner's claims on the merits.  The State argues that the petition should be dismissed because Jennings did not exhaust his available state court remedies with respect to his civil commitment proceedings.[3] However, as stated above, Jennings is challenging his prior conviction, which is the predicate to his commitment, and most of the claims raised in this petition were presented for state court review in proceedings related to that conviction.  To the extent any of the claims asserted by Jennings in this petition were not exhausted in state court, this Court may opt to review such claims, and deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2).  Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." See also Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997), cert. denied,

---

[3]   The State further contends that Jennings deliberately bypassed state remedies, and is thus precluded from seeking federal habeas relief pursuant to Wainwright v. Sykes, 433 U.S. 72 (1977).

532 U.S. 919 (2001)(a district court may deny a petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), where "it is perfectly clear that an applicant does not raise even a colorable federal claim").

A.   <u>Claims Related to the Grand Jury Indictment</u>

In his first ground for habeas relief, Jennings argues that he was denied due process under the Fifth and Fourteenth Amendments based on allegedly misleading evidence and a witness' untruthful testimony at the grand jury proceedings.  In particular, Jennings contends that there was a variance in the dates charged in the indictment, between May 1 and May 25, 1994, and testimony by a witness at trial recalling April 30, 1994 as the date of the sexual assault.  He also states that the indictment was based on the sole testimony of a police detective who provided hearsay testimony.  Jennings argues that the grand jury's indictment was biased because they were unaware that the testimony was hearsay.

The State counters that an indictment may be based totally on hearsay testimony.  <u>Costello v. United States</u>, 350 U.S. 359 (1956).  Further, there was no evidence that the grand jury was misled by the detective who testified or by the prosecutor who presented the case for indictment.  Finally, the State argues that Jennings was not prejudiced by the inexact date of the sexual assault where the designation of a limited period of about

four weeks in May 1994 was sufficient to put petitioner on notice of the charges against him.

These arguments were raised by Jennings in his state PCR proceedings.  In a letter opinion dated June 17, 2002, the PCR court held that, in addition to being procedurally barred under N.J.Ct.R. 3:22-4, none of petitioner's claims regarding the grand jury proceedings had any merit:

> This court has reviewed the transcript of the grand jury presentation and finds no constitutional violation.  There was sufficient evidence to support the indictment, even though the pertinent part of the State's presentation was a detective's recounting of the statements of witnesses. Indictments can be based totally on hearsay evidence.  See, e.g., Costello v. United States, 350 U.S. 359 (1956); State v. Laws, 50 N.J. 159, 182 (1967), cert. denied, 393 U.S. 971 (1968).  Defendant's argument that the State violated his rights by failing to call eyewitnesses is not supported by the applicable law.
>
> Likewise, defendant's arguments that the prosecutor failed to present exculpatory evidence and misled the grand jury are without merit.  He makes a frivolous claim that the grand jury was misled into thinking that the detective who testified, Lt. Mowery, had personally conducted all the witness interviews.  Even if that contention were true, the identity of the police detective who actually conducted a witness interview was not relevant to the grand jury's assessment of the evidence.
>
> Also, with respect to alleged exculpatory evidence, defendant cites State v. Gaughran, 260 N.J. Super. 283 (Law Div. 1992), in support of his argument that the State should have informed the grand jury that a medical examination of F.B. produced no evidence of a sexual assault.  Defendant argues that the prosecution "intentionally subverted" the grand jury into believing that the time of the incident and the time of reporting were "so remote . . . that the exam did not yield any residual effects."  Defendant claims that despite the grand jury's request for proof of a medical report, "the state refused to comply."  The grand jury transcript, however, contains the following:

17

> Juror:     Was there any medical exam done on the
>            victim?
>
> Witness:   His parents had taken him to the doctor but a
>            week or so had gone by from the time.  There
>            had been some time from the incident before
>            it got reported, okay?  So it wasn't, it
>            didn't get reported as soon as it happened.
>
> Juror:     So was there, did the exam show any physical
>            [evidence]?
>
> Witness:   I believe that there was not, there was not
>            any medical evidence because of the time that
>            had gone by.

The examination was apparently conducted on Saturday, May
28, 1994.  At the latest, the sexual assault occurred on
Sunday, May 22nd, six days before the examination.  The
assault may have occurred as much as four weeks earlier.
Lt. Mowery accurately told the grand jury that "a week or so
had gone by from the time" of the assault.  More important,
the witness told the grand jury that the State had obtained
no medical evidence to support the allegations.  The
testimony of the State's witness was neither false or
misleading.

Finally, with respect to when the sexual assault occurred,
no specific date could be pinpointed and the designation of
a period of about four weeks in or about May 1994 was
sufficient to notify the defendant of the charge.  The State
was not required to be more precise.  See State in the
interest of K.A.W., 104 N.J. 112, 113-14 (1986).

(State PCR proceedings, Judge Victor Ashrafi's Letter-Opinion,

dated June 17, 2002).

    The Appellate Division affirmed the PCR court's ruling

substantially for the reasons expressed in the PCR court's June

17, 2002 letter-opinion.  However, the Appellate Division added

that

> [D]efendant's conviction rendered any error in the Grand
> Jury proceeding moot.  State v. Lee, 211 N.J. Super. 590,

18

599 (App. Div. 1986).  The purpose of the Grand Jury proceeding is to protect individuals from vexatious criminal prosecution; a conviction renders any error harmless.  State v. Warmbrun, 277 N.J. Super. 51, 60 (App. Div. 1994), certif. denied, 140 N.J. 277 (1995); State v. Lee, supra.

(Appellate Division Opinion on appeal from state PCR proceedings, decided March 18, 2004).

Having carefully reviewed the state court record, including the grand jury transcript and the state PCR proceedings, this Court finds that Jennings has not demonstrated that the state court's ruling, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified. Matteo, 171 F.3d at 891.

Moreover, there is no federal constitutional right to a grand jury in state criminal proceedings, thus defects in a state grand jury process are not reviewable via a federal habeas petition unless they "rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983); see also Jelinek v. Costello, 247 F. Supp.2d 212, 278 (E.D.N.Y. 2003)("On its face, a state prisoner's claim that he was denied the procedural right to be indicted by a grand jury appears to implicate a right that is exclusively of state concern").

Here, Jennings has been unable to show how the alleged defects in the grand jury proceedings deprived him of his constitutional rights.  It has long been recognized that an

indictment may be based totally on hearsay.  Costello v. United States, 350 U.S. 359 (1956).  Thus, there was no constitutional deprivation in this case where the prosecutor presented only the testimony of one police detective who recounted from the statements of other witnesses.  Further, it was not misleading to present to the grand jury a defined and limited time frame for the commission of the alleged offense rather than an exact date. The four week period in May 1994 was sufficient to give petitioner notice and did not result in prejudice to him.

Moreover, a claim as to the validity of a state indictment, as opposed to the fairness of a trial, does not typically rise to the level of a constitutional deprivation because any such claims alleging error in a state grand jury proceeding are rendered harmless by the subsequent guilty verdict by a petit jury.  See Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989).  See also United States v. Mechanik, 475 U.S. 66, 72-73 (1986); United States v. Enigwe, 17 F. Supp.2d 390, 393 (E.D. Pa. 1998), aff'd, 248 F.3d 1131 (3d Cir. 2000), cert. denied, 531 U.S. 1185 (2001). Therefore, the petit jury's eventual conviction of Jennings renders harmless petitioner's otherwise unsupported claim of irregularities and prosecutorial misconduct in the grand jury

proceedings.[4]  Accordingly, this claim for habeas relief will be denied.

B.  <u>The State PCR Court Erred in Barring Petition Under R. 3:22-4</u>

Jennings next argues that the state PCR court erred in procedurally barring his claims of defective indictment, prosecutorial misconduct, and a biased grand jury, pursuant to N.J.Ct.R. 3:22-4, because petitioner failed to raise these issues at trial or on direct appeal.  This claim will be denied because it presents no cognizable claim of a federal constitutional deprivation.

First, this Court notes that, while the state PCR court did find that petitioner's claims were procedurally defaulted under N.J.Ct.R. 3:22-4, the court also ruled that the claims were without substantive merit.  (State PCR Letter-Opinion, dated June 17, 2002, at pp. 6-7).  Second, matters of state law and rules of procedure and evidence generally are not reviewable in a federal habeas petition.  The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court

_____

[4]  Many of the issues that petitioner raises were ably presented during the trial.  At trial, there was testimony that no medical evidence existed to support the allegations.  There was testimony from one of the witnesses that the alleged offense occurred on April 30, 1994, not in May 1994.  And the hearsay issue was resolved because the witnesses actually testified and were cross-examined at trial.  Thus, there was no denial of due process, nor was there any prejudice to petitioner, as a result of the alleged irregularities in the grand jury proceeding, because any such defect was rendered harmless by a guilty verdict at trial.

determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Federal courts must afford the states deference in its determinations regarding evidence and procedure.  See <u>Crane v. Kentucky</u>, 476 U.S. 683, 690 (1986).  Federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." <u>Smith v. Horn</u>, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), <u>cert. denied</u>, 522 U.S. 1109 (1998).

Thus, even if the state PCR court had procedurally defaulted petitioner's claims, this Court would defer to the state court procedural ruling, which was based on state procedural law.  Moreover, as discussed in the preceding section A of this Opinion, Jennings has not demonstrated that the state court's decision on the merits of petitioner's claims was based on an unreasonable application of the facts or was contrary to established federal law.  Finally, errors in state post-conviction relief proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief.  See, <u>e.g.</u>, <u>Ferguson v. State</u>, 1996 WL 1056727 (D.Del. 1996) and cases cited therein.  Therefore, this claim asserting an error of state procedural law by a state PCR court will be denied.

C.   Ineffective Assistance of Trial Counsel

Next, Jennings alleges that his trial counsel was ineffective on the following grounds: (1) Counsel failed to request a bill of particulars or order a transcript of the grand jury proceedings; (2) Counsel was ineffective for failing to request a Michaels[5] hearing under N.J.R.E. 104(a) because the statements of the victim and child witness were allegedly the product of suggestive and coercive interview techniques; (3) Counsel was ineffective for failing to excuse a juror who allegedly knew petitioner and his family; (4) Counsel was ineffective at sentencing because he failed to request a Horne[6] hearing to determine whether or not petitioner should have been sentenced as a compulsive repetitive offender.

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct.  Id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v.

---

[5]   State v. Michaels, 136 N.J. 299 (1994).

[6]   State v. Horne, 56 N.J. 372 (1970).

23

Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973
(2001).  Counsel's errors must have been "so serious as to
deprive the defendant of a fair trial, a trial whose result is
reliable."  Strickland, 466 U.S. at 688.  "In any case presenting
an ineffectiveness claim, the performance inquiry must be whether
counsel's assistance was reasonable considering all the
circumstances."  Id.  The Supreme Court further explained:

> Judicial scrutiny of counsel's performance must be
> highly deferential.  It is all too tempting for a
> defendant to second-guess counsel's assistance after
> conviction or adverse sentence, and it is all too easy
> for a court, examining counsel's defense after it has
> proved unsuccessful, to conclude that a particular act
> or omission of counsel was unreasonable.  A fair
> assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of
> counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time.
> Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption
> that counsel's conduct falls within the wide range of
> reasonable professional assistance; that is, the
> defendant must overcome the presumption that, under the
> circumstances, the challenged action "might be
> considered sound trial strategy."

Id. at 689 (citations omitted); see also Virgin Islands v.
Wheatherwax, 77 F.3d 1425, 1431 (3d Cir.), cert. denied, 519 U.S.
1020 (1996).

     If able to demonstrate deficient performance by counsel,
petitioner must also show that counsel's substandard performance
actually prejudiced his defense.  Strickland, 466 U.S. at 687.
Prejudice is shown if "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. Id. at 695-96.  Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim.  Id. at 697.  See also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

> 1.  *Failure to Request a Bill of Particulars and Order a Transcript of the Grand Jury Proceeding.*

These arguments were raised by Jennings in his state PCR proceeding.  The PCR court applied the Strickland standard, essentially as set forth above, and ruled:

> It appears that the one issue that defendant would have sought to clarify from a bill of particulars is the specific date when the sexual assault occurred.  Defendant claims that he may have been able to present an alibi defense if the date had been fixed more precisely.  As the discovery and the evidence at trial revealed, however, the State could not specify a date beyond the approximate four-week time period in or about May 1994.  As acknowledged in the defendant's petition, a charge of sexual assault against a child need not be more precise.  See State in the Interest of K.A.W., 104 N.J. at 113-14.  Furthermore, the discovery alerted defense counsel to discrepancies in the dates recalled by different witnesses and he used that information to challenge the State's case.
>
> ...  Defendant contends that his trial attorney should have ordered the grand jury transcript and then moved to dismiss the indictment on the grounds that he has alleged in this petition.  As already stated, however, none of those grounds has merit.  None would have resulted in dismissal of the indictment.  Whether or not defense counsel should have

obtained the grand jury transcript, this contention fails to
satisfy the second prong of the <u>Strickland</u> test.

(State PCR Letter-Opinion, dated June 17, 2002, at pp. 10-12).

The Appellate Division affirmed the state PCR court's
decision substantially for the reasons expressed in that opinion.
(Appellate Division Opinion, dated March 18, 2004, at pg. 3).

With respect to the bill of particulars, this Court finds
that petitioner has not demonstrated deficient performance by
trial counsel.  The state court record shows that the State could
not pinpoint an exact date for the alleged sexual offense.  Trial
counsel was aware of the variance in the dates as recalled by
different witnesses, and he used that information to challenge
the State's case and discredit the victim and witnesses'
testimony in this regard.

Moreover, even if this Court were to assume arguendo that
trial counsel's failure to request a bill of particulars was
deficient performance, Jennings' habeas claim still fails because
he cannot prove the prejudice prong under <u>Strickland</u>.  There is
no showing that this error by trial counsel was so serious as to
deprive Jennings of a fair trial or that, had he requested a bill
of particulars a different outcome would have resulted at trial.
Indeed, petitioner had conceded that, under New Jersey law, that
a charge of sexual assault against a child victim need not be
more precise.  <u>See</u> <u>State in the Interest of K.A.W.</u>, 104 N.J. at
113-14.  Therefore, Jennings has failed to demonstrate to this

26

Court that the state court decision on this issue was based on an unreasonable application of the facts in light of the discovery and evidence presented in the state court proceedings.  Nor was the state court ruling contrary to established federal law set forth in Strickland.  Jennings has not shown that the state court decisions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  Matteo, 171 F.3d at 891.

Finally, this Court's review of the state court proceedings confirms that Jennings suffered no prejudice from trial counsel's failure to order the grand jury transcript.  As stated above, the validity of a state grand jury indictment, as opposed to the fairness of a trial, does not typically rise to the level of a constitutional deprivation because any such claims alleging error in a state grand jury proceeding are rendered harmless by the subsequent guilty verdict by a petit jury.  See Lopez, 865 F.2d at 32.  See also Mechanik, 475 U.S. at 72-73; Enigwe, 17 F. Supp. 2d at 393.  Accordingly, the Court will deny these claims of ineffective assistance of trial counsel for lack of merit.

2.  *Failure to Request a Michaels Hearing*

Jennings also alleges that the investigators had used suggestive and coercive interviewing techniques to elicit incriminating statements of sexual molestation from a young child and a "mentally defective" juvenile.  Petitioner claims that his

27

counsel was ineffective in failing to request a <u>Michaels</u> hearing, pursuant to <u>N.J.R.E.</u> 104(a), to question the admissibility of these statements.  In particular, he argues that there were several conversations with F.B., the victim, before his taped statement was taken.

Jennings raised this claim in his state PCR petition, and the court held:

> As to the testimony of Corey Reese and Devin Parkins regarding having seen the defendant and F.B. together at the defendant's house, nothing in the <u>Michaels</u> decision says that such a hearing may be required for a child witness who is not himself the victim of the sex abuse allegations.  If a <u>Michaels</u>-type hearing could be required for other child witnesses, and as to the victim, F.B., "the initial burden to trigger a pretrial taint hearing is on the defendant." 136 N.J. at 320.  Defendant "must make a showing of 'some evidence' that the victim's statements were the product of suggestive or coercive interview techniques."  <u>Id</u>. Defendant in this case has made no such showing.  Nothing in the trial record or submitted in this petition shows an entitlement to a hearing because of improper or coercive interviewing techniques.

(State PCR Letter-Opinion, dated June 17, 2002, at pg. 17).[7]

In reviewing a § 2254 habeas petition, federal courts are required to apply a presumption of correctness to the factual determinations made by the state court.  <u>See</u> 28 U.S.C. § 2254(e)(1).  The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence.  <u>See</u> <u>Duncan</u>, 256 F.3d

---

[7]  This ruling was affirmed on appeal without discussion. (Appellate Division Opinion, dated March 18, 2004, at pg. 3).

at 196 (*citing* 28 U.S.C. § 2254(e)(1)).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio, 274 F.3d at 597-98.

Here, Jennings offers nothing in his petition to overcome this high hurdle to contest the factual findings by the state PCR court.  Moreover, it is apparent, based on the determination of the PCR court, that had counsel requested a Michaels hearing, such a request would have been denied by the trial court, or the outcome of the hearing, had one taken place, would not have been successful for lack of evidence of suggestive or coercive interviewing techniques.

To establish ineffective assistance of counsel based on a failure to file a motion, Jennings must be able to show that the motion for a Michaels hearing would have succeeded.  Counsel's failure to file motions does not per se constitute ineffective assistance of counsel.  See Kimmelman v. Morrison, 477 U.S. 365, 383-84 (1986); Jelinek v. Costello, 247 F. Supp.2d 212 (E.D.N.Y. 2003).  Rather, a determination of ineffectiveness depends on whether the motion or objection would have been granted or sustained had it been made.  United States v. Oakley, 827 F.2d 1023, 1025 (5th Cir. 1987).  Thus, "[c]ounsel cannot be faulted for failing to pursue  meritless or futile objections." Johnston v. Love, 940 F. Supp. 738, 776 (E.D. Pa. 1996), aff'd 118 F.3d

29

1576 (3d Cir.), <u>cert</u>. <u>denied</u>, 522 U.S. 972 (1997); <u>see</u> <u>also</u>
<u>Bolender v. Singletary</u>, 16 F.3d 1547, 1573 (11th Cir.), <u>cert</u>.
<u>denied</u>, 513 U.S. 1022 (1994)(failure to raise non-meritorious
issues does not constitute ineffective assistance of counsel).

This Court finds nothing in the record to support Jennings'
claim that counsel should have requested a <u>Michaels</u> hearing.  The
PCR court found no evidence offered by petitioner that would
prompt a hearing on whether the victim's statement was the
product of suggestive or coercive interviewing techniques.
Counsel cannot be expected to raise a motion for a <u>Michaels</u>
hearing when there was no evidence to support such a request.
Because the state court found that such a hearing would not have
succeeded, Jennings' habeas claim alleging ineffective assistance
of counsel on this ground is meritless.

3.  *Failure to Excuse a Juror*

Next, Jennings alleges that his counsel was ineffective for
failing to excuse a juror who purportedly knew Jennings and his
family.  The juror had stated during voir dire that she
recognized Jennings and his family because they patronized the
juror's unisex hair salon in the community where Jennings lived.
The PCR court found this claim to be meritless:

> Nothing in the record shows that the juror actually was
> acquainted with defendant or his family.  The fact that
> defendant's family members recognized the juror does not
> mean that the juror recognized the defendant.  But even if
> she did, the relationship was known to the defense at trial
> and not to the court or the State.  It very well may be that

30

the defense made a strategic decision not to challenge the juror.

...

More significant, defendant has presented no evidence that he requested that his attorney excuse the juror and that his attorney refused.  The defendant and his family being in the best position at trial to notify the court of the juror's possible acquaintance with defendant, and the defense having chosen to remain silent at the time of trial, defendant cannot complain now that the jury's deliberations were tainted by the participation of a juror that he apparently chose to retain.

(State PCR Letter-Opinion, dated June 17, 2002, at pg. 18).

There is no deficient performance when counsel's decision to retain a juror on the jury appears to have been a strategic choice.  Obviously, counsel was made aware of the issue by petitioner, and petitioner did not give counsel any indication that the juror would be biased against him to prompt a request to have the juror removed.  Jennings did not object during trial. Furthermore, there was no indication that this recognition resulted in the juror's bias against petitioner at trial.  Thus, this Court finds nothing to indicate that the state court decision on this issue was unreasonable or contrary to established federal law set forth in <u>Strickland</u>.  This claim will be denied for lack of merit.

4.  *Trial Counsel Was Ineffective at Sentencing Stage*

Jennings also claims that counsel was ineffective in his sentencing proceeding because counsel did not object to the trial court's failure to follow the sentencing guidelines, or the trial

31

court's finding, as an aggravating factor, that Jennings sexually abused his two nephews.  As a result, Jennings was required to serve his sentence at the Adult Diagnostic Treatment Center. Jennings further argues that counsel should have requested a Horne hearing to challenge any sentencing as a compulsive repetitive offender.[8]

The State responds that there is no evidence that petitioner would not have been sentenced to the Adult Diagnostic and Treatment Center in Avenel, New Jersey, even if he had a Horne hearing.  The failure to raise frivolous motions or legal arguments does not constitute ineffective assistance of counsel. (Resp. Mem. Of Law, Docket Entry No. 10, at pg. 17).

Although this issue was raised in the state PCR proceedings, it was not addressed by the state PCR court or on appeal from denial of post-conviction relief.

However, this Court's review of the record reveals nothing to suggest that Jennings would not have been sentenced to Avenel even if a Horne hearing was held.  Thus, even if counsel were deficient in failing to request a Horne hearing, there is no showing of prejudice.  The length of sentence and petitioner's

---

[8]   In Horne, the New Jersey Supreme Court held that where a defendant charged under the sex offender statutes, challenges any material aspects of reports submitted by the Adult Diagnostic Center, the defendant is entitled to a plenary hearing allowing him the right to confront witnesses against him and to offer evidence in his behalf.  56 N.J. at 376-79.

confinement at Avenel are well within the statutory limits provided for convictions under the sex offender statutes.

Furthermore, sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review.  United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000), cert. denied, 531 U.S. 1114 (2001); Ervin v. Beyer, 716 F. Supp. 163, 165 (D.N.J. 1989); Grecco v. O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987); see also Johnson v. Beto, 383 F.2d 197, 198 (5th Cir. 1967), cert. denied, 393 U.S. 868 (1968). Indeed, absent some constitutional violation, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure.  Rorie v. Beard, Civ.A.No. 04-3380, 2005 WL 825917, *5 (E.D. Pa. April 7, 2005)(citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)).  Thus, a federal court will not reevaluate a sentence in a habeas proceeding unless it exceeds the statutory limits.  Jones v. Superintendent of Rahway State Prison, 725 F.2d 40 (3d Cir. 1984); see also Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984), cert. denied, 469 U.S. 1229 (1985)("As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits."); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975)("This Court will not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely arbitrary and shocking").

Moreover, federal courts will not interfere with a state's sentencing scheme unless the petitioner can show that no reasonable sentencing court would have found the aggravating factors necessary to justify imposition of the sentence.  Lewis v. Jeffers, 497 U.S. 764, 783 (1990).  "While normal sentencing proceedings are not immune from all due process attacks, the Supreme Court has required only minimal due process protections in those proceedings."  United States v. Davis, 710 F.2d 104, 106 (3d Cir.), cert. denied, 464 U.S. 1001 (1983)(citations omitted).

Here, Jennings does not argue or demonstrate that his sentence violates any federal constitutional rights.  Moreover, Jennings' sentence plainly did not exceed the statutory limits for a second degree sexual assault, nor does it shock the judicial conscience as even remotely excessive.  See Harris v. United States, 536 U.S. 545, 557 (2002); Wainwright v. Goode, 464 U.S. 78, 84 (1983).  Thus, where Jennings cannot show that he would have received a different sentence than actually imposed, his counsel's alleged failure with regard to the sentencing proceedings is nothing more than a frivolous legal argument. Furthermore, Jennings can not demonstrate any prejudice from his counsel's alleged shortcomings regarding the sentencing proceeding sufficient to satisfy the second prong under Strickland.  Therefore, this claim of ineffectiveness of trial counsel lacks merit.

34

D.   <u>Ineffectiveness of Appellate Counsel</u>

Jennings also argues that his appellate counsel was constitutionally deficient in his representation of petitioner on direct appeal.

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right. <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985).  Claims of ineffective assistance of appellate counsel are evaluated under the <u>Strickland</u> standard.  <u>See Lewis v. Johnson</u>, 359 F.3d 646, 656 (3d Cir. 2004); <u>Wright v. Vaughn</u>, 2004 WL 1687865, *6, n.10 (E.D. Pa. July 26, 2004).  Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, <u>see Jones v. Barnes</u>, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994).

Moreover, in order to prevail on a claim that appellate counsel was ineffective, a petitioner must show not only that counsel's performance fell below an objective standard of reasonableness, but also that there was a reasonable probability, but for counsel's deficiency in raising the arguments on appeal, that the conviction would have been reversed on appeal.  <u>See</u>

35

Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999), cert.
dismissed, 527 U.S. 1050 (1999).

Here, Jennings raised this claim in his state PCR
proceedings, and the PCR court denied relief.  Specifically, the
court held:

> Finally, defendant alleges that his appellate attorney
> failed to meet with him to discuss adequately the issues to
> be raised on appeal.  Assuming for purposes of this decision
> that this allegation is true, defendant has failed to allege
> what appellate issues were not raised that could have been
> successful.  To the extent that this contention relates to
> the procedural bar of R. 3:22-4 previously discussed, the
> grand jury issues have been considered on their merits and
> have been rejected.  Their inclusion on appeal would not
> have affected the result of this case.

(State PCR Letter-Opinion, dated June 17, 2002, at pg. 19).

In response to this petition, the State argues that all of
the claims which Jennings claims were not raised by appellate
counsel on direct appeal were presented for state court review in
Jennings' state PCR proceeding.  The PCR court found the claims
to be without merit, and on appeal from this decision, the
Appellate Division affirmed.  Thus, even if appellate counsel had
raised these issues on appeal, the claims would have been found
to be meritless.  Consequently, Jennings does not satisfy the
prejudice prong under Strickland.  (Resp. Mem. Of Law, Docket
Entry No. 10, at pp. 20-21).

Based on review of the record, this Court finds that
petitioner fails to establish ineffective assistance of appellate
counsel because he cannot show that a different outcome would

36

have resulted on appeal if counsel had raised the alleged
defective indictment and grand jury claims on direct appeal.[9]
These claims were presented for state court review in
petitioner's state PCR proceedings and found to be totally
lacking in merit.  Accordingly, Jennings can not establish the
prejudice prong under Strickland with respect to these claims.

     Furthermore, as to Jennings' arguments alleging ineffective
assistance of trial counsel, such claims are not typically raised
on direct appeal because it requires the appellate court to look
beyond the bounds of the record and the evidence presented at
trial.  Jennings fails to demonstrate how the alleged failure by
appellate counsel to raise these claims on direct appeal would
have had any reasonable potential for affecting the outcome of
the appeal.  Indeed, the claims were raised in the state PCR
proceedings and rejected out of hand, indicating that said claims
would not have been successful even if they had been raised on
direct appeal.  Therefore, this Court cannot conclude that the
determination of this issue concerning appellate counsel by the
state courts resulted in a decision that was contrary to, or
involved an unreasonable application or determination of law or

---

[9]  This Court is assuming that appellate counsel's
performance would likely be considered deficient based on
Jennings recounting of counsels' failure to communicate with him
before direct appeal.

fact.  Williams v. Taylor, supra.  The ineffective assistance of appellate counsel claim will be denied accordingly.

E.  State PCR Court Erred in Denying an Evidentiary Hearing

Jennings next argues that the state PCR court erred in denying him an evidentiary hearing on his ineffective assistance of counsel claim.  However, as demonstrated above, Jennings failed to establish a prima facie case of ineffective assistance of counsel that would warrant a full evidentiary hearing.

As stated earlier in this Opinion, errors in state post-conviction relief proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief.  See, e.g., Ferguson v. State, 1996 WL 1056727 (D.Del. 1996) and cases cited therein.  Furthermore, as a general rule, matters of state law and rules of procedure and evidence are not reviewable in a federal habeas petition.  The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. at 67-68.

Here, it appears that Jennings is contending that the PCR court's denial of an evidentiary hearing violated due process. Thus, the appropriate inquiry is "whether the claimed error of law is a fundamental defect which inherently results in a complete miscarriage of justice or in an omission inconsistent with the rudimentary demands of fair procedure." Hutchins, 1991

WL 167036 at *4.   "[A]n otherwise valid conviction should not be
set aside if the reviewing court may confidently say on the whole
record that the constitutional error was harmless beyond a
reasonable doubt."  Delaware v. Van Arsdall, 475 U.S. at 681.  An
error is not harmless if "it aborts the basic trial process or
denies it altogether."  Hutchins, 1991 WL 167036 at *5 (citing
Rose v. Clark, 478 U.S. 570, 578 n.6 (1986)).

        In this case, a careful review of the PCR proceedings and
the state court rulings reveal that Jennings failed to establish
a prima facie case of ineffective assistance of counsel that
would have allowed the state court to grant an evidentiary
hearing.  The Court finds that the state PCR court committed no
error of a constitutional dimension.  Further, there is no
showing that the state court determinations "resulted in a
decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by
the Supreme Court of the United States," or "resulted in a
decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceeding."[10]  Williams, 529 U.S. at 412-13.  Therefore, this

_____

        [10]  The PCR court expressly held that none of the
ineffective assistance of counsel claims satisfied the Strickland
standard.  The court stated further:

                While identifying various alleged deficiencies in his
                counsel's performance, defendant has failed to produce
                supporting affidavits or certifications, as required by

39

claim is denied for failure to show deprivation of a federal constitutional right.

F.  <u>Petitioner's Present Commitment under the SVPA is Unlawful</u>

Finally, Jennings makes a general argument that his current confinement under the SVPA is unlawful because he is being held for offenses he did not commit, *i.e.*, that he is actually innocent of the predicate sexual offenses on which his commitment is based.  He also reiterates that his present commitment is the result of ineffective assistance of counsel and malicious prosecution in his state criminal proceedings.

The State contends that Jennings is precluded from federal habeas relief on this claim because Jennings deliberately bypassed state court remedies with respect to his SVPA civil commitment proceedings.  The record shows no effort by petitioner to challenge his civil commitment on direct or collateral state court review.

---

<u>State v. Cummings</u>, 321 N.J. Super. at 170, to establish a *prima facie* showing and thus trigger an evidentiary hearing concerning his attorney's performance.  Also, he has failed to allege sufficient facts to show a reasonable probability that the alleged deficiencies in counsel's performance affected the verdict.  <u>State v. Preciose</u>, 129 N.J. at 463.

(State PCR Letter-Opinion, dated June 17, 2002, at pg. 19).  The Appellate Division affirmed the PCR court's ruling without discussion.

To the extent that Jennings is challenging the state court judgment of civil commitment under the SVPA, which was entered on July 23, 2003, his claim would be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1)(A).[11]

However, Jennings maintains that he is challenging his criminal conviction on which his present custody is based, and this Court has determined that it has jurisdiction to review his challenges to that state court conviction.  Therefore, the Court will review the claim as presented.

A petitioner's actual innocence is only relevant to the extent that the petitioner seeks habeas relief on a potentially meritorious claim which the federal habeas court cannot hear

---

[11]  Section 2244(d)(1)(A) reads: A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review; ...

Here, a judgment of commitment was entered on July 23, 2003. Jennings did not seek direct review of the order of commitment. Thus, his 1-year limitations period started to run at the expiration of the time for seeking such review.  Under N.J.Ct.R. 2:4-1(a), the time for appealing from a court's judgment of commitment shall be taken within 45 days of the entry of such order.  In this case, the 45-day period to file an appeal expired on or about September 6, 2003.  Giving petitioner the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court, see Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13, Jennings one-year limitations period started to run on or about December 6, 2003.  He did not file this habeas petition until June 10, 2005, more than six months after his limitations period expired on December 6, 2004.

because of a procedural bar. See id. at 404 ("But this body of habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Lambert v. Blackwell, No. 01-2511, 2003 WL 1718511, at *33 (E.D. Pa. Apr. 1, 2003) ("While a freestanding claim of actual innocence is not cognizable in federal habeas review, innocence is relevant where a petitioner seeks relief on a potentially meritorious claim that faces a procedural bar.").

Because there was no finding that Jennings' ineffective assistance of counsel and prosecutorial misconduct claims are procedurally barred, his bare allegation of actual innocence is irrelevant.  Even if petitioner's claims are procedurally barred, Jennings provides no basis for his bare assertions of actual innocence.  See Correa v. Carroll, No. 03-897, 2004 WL 1822123, at *5 (D. Del. Aug. 13, 2004) (finding that petitioner's conclusory and unsupported allegations of actual innocence were insufficient to excuse procedural default of his claims); Brown v. Dragovich, No. 96-5549, 1997 WL 338936, at *3 (E.D. Pa. June 17, 1997) (holding that procedurally defaulted claims were not excused by bare assertion of actual innocence).

Further, to the extent that Jennings' claims of actual innocence rely on the independent constitutional violations

allegedly inherent in petitioner's ineffective assistance of counsel and prosecutorial misconduct claims, the validity of such claims are discussed in sections V.A and V.C of this Opinion, supra, and were determined to be without merit.   Cf. Schlup v. Delo, 513 U.S. 298, 315 (1995) (stating that petitioner's claim of innocence does not by itself provide a basis for habeas relief, however, his claim depends on the validity of his constitutional claims of ineffective counsel and prosecutorial misconduct).

In addition, the bald claim of malicious prosecution is subject to dismissal because Jennings' conviction has not been overturned, reversed, or terminated in his favor.[12]  Finally, this Court notes that Jennings would not be able to independently establish actual innocence.  Jennings has failed to produce any facts, affidavits, certifications, or other evidence to support this claim.  Moreover, the Appellate Division found, on direct review, that the facts as established at trial was "sufficient to

---

[12]  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).

state that defendant's guilt was more than adequately established." (Appellate Division Opinion, dated June 30, 1999, at pg. 2).

Therefore, Jennings is not entitled to federal habeas relief on this last ground, and his petition will be denied.

IV.   <u>CERTIFICATE OF APPEALABILITY</u>

This Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

<u>**CONCLUSION**</u>

For the above reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.  An appropriate Order follows.

Date: July 10, 2006          _____/s/ JOEL A. PISANO_____
_____United States District Judge

Original: Clerk
cc:      Judge Arleo
         All Parties
         File

44