**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BRUCE L. JENNINGS, SR.,              :
                                     :   Civil Action No. 05-2968 (JAP)
    Petitioner,                  :
                                     :
    v.                           :   **OPINION**
                                     :
GRACE ROGERS, et al.,                :
                                     :
    Respondents.                 :

**APPEARANCES:**

    BRUCE L. JENNINGS, SR., Petitioner Pro Se
    Special Treatment Unit
    # 277
    30-34 Hackensack Avenue, P.O. Box 699
    Kearny, New Jersey 07032

    JAMES L. MCCONNELL, ESQ.
    Somerset County Prosecutor's Office
    P.O. Box 3000
    Somerville, New Jersey 08876
    Counsel for Respondents

**PISANO**, District Judge

This matter comes before the Court upon pro se petitioner's, Bruce L. Jennings, Sr. ("Jennings") motion for reconsideration of this Court's July 12, 2006 Opinion and Order denying Jennings' petition for a writ of habeas corpus under 28 U.S.C. § 2254. Jennings filed his motion for reconsideration on July 25, 2006. (Docket Entry No. 15). This action was closed on July 12, 2006 pursuant to the July 12, 2006 Order.

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is denied, and the Clerk will be directed to re-close the file.

## I.  BACKGROUND

On June 10, 2005, Jennings filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1996 state court conviction on sexual assault charges on numerous grounds. After reviewing the petition, answer, and state court record, this Court found that the claims asserted by Jennings lacked substantive merit, and denied habeas relief. (See the July 12, 2006 Opinion and Order, Docket Entry Nos. 13 & 14).

On July 25, 2006, Jennings filed a motion for reconsideration. In his motion, he claims that his case involves complex rules and novel issues of law. Due to his civil commitment as a sexually violent predator under the New Jersey Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-21.1, et seq., Jennings states that he has limited access to legal materials and the law library. It appears that Jennings now wishes to have the Court reconsider its ruling, which denied habeas relief from the 1996 state court conviction, so that he

can challenge his custody and civil commitment as unconstitutional.[1]

## II. ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its

---

[1] Jennings asserts that his civil commitment violates the double jeopardy, ex post facto, due process, and equal protection clauses of the U.S. Constitution.

order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

    Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831

n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Jennings does not show that this Court "overlooked" any factual or legal issue that would likely alter the Court's decision in denying the habeas petition.  Rather, Jennings seems

to suggest that he should be allowed an opportunity to challenge his civil commitment.  This argument does not satisfy the threshold for granting a motion for reconsideration.  Jennings has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

The habeas petition filed by Jennings attacks his 1996 state court conviction, for which he has already served his sentence.  This Court determined that Jennings was "in custody" pursuant to 28 U.S.C. § 2254(a) because Jennings' present confinement is a collateral result of his expired 1996 conviction that should be liberally construed as an attack on Jennings' expired conviction in the context of an attack on his commitment under the SVPA.  Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994)(a petitioner may attack an expired conviction that is a predicate to his current confinement under the SVPA if he claims that he would not have been committed under the SVPA but for the expired conviction at issue).  However, Jennings did not demonstrate that he was entitled to habeas relief, so the petition challenging that conviction was denied.

To the extent that Jennings now wishes to challenge his civil commitment, he must file a separate habeas petition.[2] Pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a petitioner who seeks relief from judgments or orders of more than one state court must file a separate petition challenging the judgment(s) and/or order(s) of each court.  Therefore, if Jennings now wishes to challenge the judgment entered with respect to his civil commitment, he must bring such challenge in a separate habeas petition.  It is inappropriate to do so by this motion for reconsideration.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Jennings' motion for reconsideration, and the motion will be denied for lack of merit.  An appropriate Order follows.

Date: August 28, 2006

                                        /s/ JOEL A. PISANO
                                        United States District Judge

Original: Clerk
cc:      Judge Hughes
         All Parties
         File

---

[2] This Court does not consider here whether such a challenge to the order of civil commitment may be time-barred at this time.